# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**MICHAEL AARON BASS,**
**Inmate # 3323578**

      **Plaintiff,**

vs.                                          Case No. 4:25cv479-AW-MAF

**FRANKLIN COUNTY**
**SHERIFF'S OFFICE, et al.,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a jail detainee proceeding pro se, sought to initiate a case by submitting a civil rights complaint, ECF No. 1, pursuant to 42 U.S.C. § 1983. Because Plaintiff did not pay the filing fee or file an in forma pauperis motion at the time of case initiation as required by 28 U.S.C. § 1914, 28 U.S.C. § 1915, and Local Rule 5.3, an Order was entered as a courtesy to Plaintiff, ECF No. 3, giving him until December 22, 2025, to correct that deficiency. Plaintiff was advised that if he did not pay the $405 filing fee or submit an in forma pauperis status motion, a recommendation would be made to dismiss this case. ECF No. 3.

As of this date, Plaintiff has not complied, nor has he filed a motion requesting an extension of time to do so.  It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  Here Plaintiff was forewarned and did not respond to

a clear and direct Court Order.  ECF No. 3.  Because Plaintiff has failed to prosecute this case, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on January 8, 2026.


 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.**  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:25cv479-AW-MAF